Houston, J.
The parties in this product liability action seek orders governing discovery pursuant to Mass.R.Civ.P. 26(c). The Court has discretion to enter a protective order regulating discovery in order to protect the parties from annoyance, embarrassment, or undue burden or expense. Id.; Smith & Zobel, Rules Practice §26.7 (1975 & 1995 Supp.). Protective orders guard against oppressive, irrelevant, unnecessary, or improper inquiries and investigations. In the Matter of Roche, 381 Mass. 624, 637 (1980).
Plaintiffs are suing defendant for negligent manufacture of a prescription drug called Albuterol. Numerous plaintiffs alleging injuries caused by Albuterol have brought lawsuits against Copley in various courts outside of Massachusetts. The Federal Judicial Panel on Multi-District Litigation transferred lawsuits pending in the federal courts to the United States District Court for the District of Wyoming.[2] Jacoby and Meyers, Plaintiffs’ lead counsel, has appeared in the MDL action.
The federal judge presiding over the MDL action entered an “Initial Case Management Order” which ordered the parties to establish depositories of discovery materials to which all parties of record would have access. The federal court also gave state court litigants access to the depository. In sum, the Plaintiffs here have access to significant discovery in the MDL action. Discovery sought by the plaintiffs concerning the manufacture of Albuterol in the instant matter would likely be duplicative of discovery Copley has provided or will provide in the MDL action. Rule 26(c) seeks to avoid this iype of undue burden and expense. Therefore, the following protective order shall govern discovery in this matter.
ORDER
For the foregoing reasons it is hereby ORDERED as follows:
1. Neither parly shall take depositions in this matter until the depositions of fact witnesses are completed in the federal litigation captioned: In re: Copley Pharmaceutical, Inc. “Albuterol" Products Liability Litigation, MDL Docket No. 1013 (D. Wyo) (“the MDL action”).
2. The parties shall abide by the protective order concerning confidentiality in the MDL action dated July 20, 1994.
3 Defense counsel will provide plaintiffs’ counsel with access to documentary discovery and transcripts of depositions taken in the MDL action. Defense counsel will provide plaintiffs’ counsel with access to these materials in Massachusetts at a mutually agreeable time and place.
4. Defense counsel will notify plaintiffs’ counsel of any depositions scheduled in the MDL action.
5. Nothing herein is intended to contradict any court order concerning discovery in the MDL action.
6. Nothing herein is intended to bar plaintiffs’ counsel from participating in depositions and discovery in the MDL action to the extent allowed by the MDL court.
7. When discovery is closed in the MDL action, the parties may apply to this Court for leave to reopen discovery in this action. At that time, the parties shall endeavor to agree between themselves, without the necessity of the Court’s intervention, what, if any, additional discovery is appropriate in this action.

The federal multi-district litigation (MDL) is captioned: In re: Coply Pharmaceutical Inc. “Albuterol" Products Liability Litigation, MDL Docket No. 1013 (D. Wyo).